UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TABITHA D. WINTERS,

        Plaintiff,

                                      Case No. 20-cv-71-pp

v.

COMMISSIONER ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no wages or salary, but does declare rental income of $3,390 per month from five properties she owns (including her own home). Id. at 2. The plaintiff lists monthly

1

expenses of about $4,600 ($800 mortgage, $100 credit card payments, $200 other household expenses, $3,500 in expenses for the rental properties—repairs, taxes, water bills, insurance, lawn care, snow removal). Id. at 2-3. The plaintiff owns a 2001 GMC Yukon worth approximately $3,000-$4,000; she owns her home, with approximately $17,000 of equity; she owns four other properties with a combined equity of approximately $100,000; and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "Rental income from the properties I inherited from my father do not cover all of the expenses. My mother helps me to cover the expenses." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

    The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

    The plaintiff's complaint indicates that she was denied Social Security benefits, that the Administrative Law Judge erred by issuing a decision that was not supported by substantial evidence and contains errors of law, and that

the Appeals Council erred by declining to review that adverse decision. Dkt. No. 1 at 2-3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 16th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**